JAMERSON C. ALLEN (State Bar No. 132866)
TARA L. RIEDLEY (State Bar No. 236508)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone    415.394.9400
Facsimile:    415.394.9401

Attorneys for Defendants
HILTON HOTEL CORPORATION (also erroneously sued as "HILTON HOTEL SAN FRANCISCO")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STEPHANIE ARNOLDI, | Case No. CV 08 1103 MEJ |
|---|---|
| Plaintiff, | **DEFENDANT HILTON HOTEL CORPORATION'S ANSWER TO PLAINTIFF STEPHANIE ARNOLDI'S COMPLAINT** |
| v. | |
| HILTON HOTEL SAN FRANCISCO, individually, and HILTON HOTEL CORPORATION, | |
| Defendants. | Complaint Filed:    February 25, 2008 |

Defendant HILTON HOTEL CORPORATION (also erroneously sued as "HILTON HOTEL SAN FRANCISCO") ("Defendant" and/or "Hilton"), for itself alone, responds to plaintiff Stephanie Arnoldi's ("Plaintiff") Complaint (the "Complaint") for damages by admitting, denying and alleging as follows:

**RESPONSE TO ALLEGATIONS REGARDING NATURE OF ACTION**

1.     In response to Plaintiff's allegations on page 1, line 21 to page 2, line 2 regarding the nature of the allegation, Defendant responds by alleging that the Complaint speaks for itself. To the extent the allegations include factual contentions, Defendant denies each and every factual allegation made therein.

**RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

2.     In response to Plaintiff's allegations regarding jurisdiction and venue,

1

Defendant admits that this Court has jurisdiction of this action pursuant to 28 U.S.C. section 1343 in that Plaintiff purports to seek damages under Title VIII of the Civil Rights Act of 1964 ("Title VII"). Defendant also admits that this Court has pendent jurisdiction to consider Plaintiff's state law claims. Defendant further admits that venue is proper in this Court, although denies the allegation that the alleged wrongdoing occurred in Contra Costa County, California.

### RESPONSE TO ALLEGATIONS CONCERNING THE PARTIES

3. In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff Stephanie Arnoldi was at all relevant times an employee of Hilton and an African-American woman. Defendant lacks sufficient information and belief to respond to the remaining allegations made in paragraph 1 of the Complaint and, on that basis, denies said additional allegations.

4. In response to paragraph 2 of the Complaint, Defendant denies the allegation that it is a "public corporation agencies." Defendant has no information or belief sufficient to enable it to respond to the remaining allegations made in paragraph 2 of the Complaint and, on that basis, denies each and every additional allegation made therein.

5. In response to paragraph 3 of the Complaint, Defendant responds that Hilton San Francisco is a fictitious business name used by Defendant, and, on that basis, denies each and every allegation made therein.

6. Defendant denies the allegations made in paragraph 4 of the Complaint.

### RESPONSE TO ALLEGATIONS OF FACTS
### (To All Causes of Action)

7. In response to paragraph 5 of the Complaint, Defendant incorporates by this reference as though set forth in full its responses to paragraphs 1 through 4 of the Complaint.

8. In response to paragraph 6 of the Complaint, Defendant admits only that Plaintiff was employed for approximately two years by Defendant. Defendant denies each of the remaining allegations made in paragraph 6 of the Complaint.

9. In response to paragraph 7 of the Complaint, Defendant admits that it was a corporation authorized to conduct business in California and that at the time of her separation

2

from employment Plaintiff worked at the Hilton Hotel in San Francisco, California. Except as expressly admitted herein, Defendant denies each and every remaining allegation made in paragraph 7 of the Complaint.

10. In response to paragraph 8 of the Complaint, Defendant admits only that on or about February 24, 2005, Plaintiff reported that she witnessed Scott Baublitz ("Baublitz") make an inappropriate comment to Plaintiff's co-worker, and that Baublitz was subsequently counseled by Hilton and disciplined for his conduct. Except as expressly admitted herein, Defendant denies each and every additional allegation made in paragraph 8 of the Complaint.

11. Defendant admits the allegations made in paragraph 9 of the Complaint.

12. Defendant denies the allegations made in paragraph 10 of the Complaint.

13. In response to paragraph 11 of the Complaint, Defendant admits only that Plaintiff was subject to performance criteria and standards. Defendant denies each of the remaining allegations made in paragraph 11 of the Complaint.

### RESPONSE TO ALLEGATIONS OF DISCRIMINATORY PRACTICE

14. In response to paragraph 12 of the Complaint, Defendant admits only that Defendant subjected Plaintiff to performance standards and criteria. Defendant denies each of the remaining allegations made in paragraph 12 of the Complaint.

15. Defendant has no information or belief sufficient to enable it to respond to the allegation in paragraph 13 of the Complaint that "Plaintiff was the only African American woman that works in the capacity of Defendant in her office," and on that basis, denies such allegation. In further response to paragraph 13 of the Complaint, Defendant denies each and every additional allegation made therein.

### RESPONSE TO ALLEGATIONS OF INJUNCTIVE RELIEF

16. Defendant denies the allegations made in paragraph 14 of the Complaint.

### RESPONSE TO ALLEGATIONS REGARDING RESULTS OF DISCRIMINATORY PRACTICES

17. Defendant denies the allegations made in paragraph 15, 15a, 15b, 15c and 15d of the Complaint.

## RESPONSE TO FIRST CAUSE OF ACTION

**(Violation of Title VIII of the Federal Civil Rights Act)**

18. In response to paragraph 16 of the Complaint, Defendant incorporates by this reference as though set forth in full its responses to paragraphs 1 through 15 of the Complaint.

19. Defendant denies the allegations made in paragraph 17 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION

**(Violation of the Unruh Civil Rights Act)**

20. In response to paragraph 18 of the Complaint, Defendant incorporates by this reference as though set forth in full its responses to paragraphs 1 through 17 of the Complaint.

21. In response to paragraph 19 of the Complaint, Defendant admits only that this Court may exercise pendent jurisdiction over Plaintiff's state law claims. Defendant has no information or belief sufficient to enable it to respond to the allegations made in paragraph 19 of the Complaint, and, on that basis, denies each and every allegation made therein.

22. Plaintiff denies the allegations made in paragraph 20 of the Complaint.

## RESPONSE TO THIRD CAUSE OF ACTION

**(California Fair Employment and Housing Act)**

23. In response to paragraph 21 of the Complaint, Defendant incorporates by this reference as though set forth in full its responses to paragraphs 1 through 20 of the Complaint.

24. In response to paragraph 22 of the Complaint, Defendant alleges that the provisions of the California Fair Employment and Housing Act speak for themselves and that no further response to the first sentence of paragraph 22 is therefore required. Defendant denies each and every additional allegation made in paragraph 22 of the Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION

**(Breach of Contract for Employment Against Defendant Hilton)**

25. In response to paragraph 23 of the Complaint, Defendant incorporates by

1  this reference as though set forth in full its responses to the allegations made in paragraphs 1
2  through 22 of the Complaint.
3       26.    In response to paragraph 24 of the Complaint, Defendant admits only that
4  Plaintiff and Hilton entered into an employment relationship whereby Plaintiff agreed to become
5  a Hilton employee in return for certain consideration provided by Defendant. Defendant denies
6  the allegation that Defendant agreed not to terminate Plaintiff for good cause. Defendant has no
7  additional information or belief sufficient to enable it to respond to the remaining allegations
8  made in paragraph 24 of the Complaint and, on that basis, denies each and every allegation made
9  therein.
10       27.    Defendant denies the allegations made in paragraph 25 of the Complaint.
11       28.    Defendant denies the allegations made in paragraph 26 of the Complaint.
12       29.    Defendant denies the allegations made in paragraph 27 of the Complaint.

### RESPONSE TO FIFTH CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

15       30.    In response to paragraph 24 of the Complaint, Defendant incorporates by
16  this reference as though set forth in full its responses to paragraphs 1 through 27 of the
17  Complaint.
18       31.    Defendant denies the allegations made in paragraph 29 of the Complaint.
19       32.    Defendant denies the allegations made in paragraph 30 of the Complaint.
20       33.    Defendant denies the allegations made in paragraph 31 of the Complaint.
21       34.    Defendant denies the allegations made in paragraph 32 of the Complaint.
22       35.    In response to paragraph 33 of the Complaint, Defendant denies that at the
23  time of her termination from employment, Plaintiff made a base annual salary of $72,471 and was
24  eligible to receive sales commissions. Defendant has no information or belief sufficient to enable
25  it to respond to the remaining allegations made in paragraph 33 of the Complaint and, on that
26  basis, denies each and every additional allegation made therein.
27       36.    Defendant denies the allegations made in paragraph 34 of the Complaint.
28  ///

**RESPONSE TO SIXTH CAUSE OF ACTION**

**(Negligent Hiring and Retention of an Employee)**

37. In response to paragraph 35 of the Complaint, Defendant incorporates by this reference as though set forth in full its responses to paragraph 1 through 34 of the Complaint.

38. In response to paragraph 36 of the Complaint, Defendant admits that Plaintiff reported that she witnessed Baublitz make an inappropriate comment to Plaintiff's co-worker, and that Baublitz was subsequently counseled and disciplined by Hilton. Defendant further admits that it continued to employ Baublitz as the Director of Sales on the basis that he would not engage in inappropriate conduct. Defendant denies each and every allegation made in paragraph 36 of the Complaint.

39. Defendant denies the allegations made in paragraph 37 of the Complaint.

40. Defendant denies the allegations made in paragraph 38 of the Complaint.

**RESPONSE TO SEVENTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy)**

41. In response to paragraph 39 of the Complaint, Defendant incorporates by this reference as though set forth in full its responses to paragraphs 1 through 38 of the Complaint.

42. In response to paragraph 40, Defendant alleges that Plaintiff makes no factual allegations to which Defendant can respond. Defendant further alleges that the cited statutes speak for themselves.

43. Defendant denies the allegations made in paragraph 41 of the Complaint.

44. Defendant denies the allegations made in paragraph 42 of the Complaint.

45. Defendant denies the allegations made in paragraph 43 of the Complaint.

46. Defendant denies the allegations made in paragraph 44 of the Complaint.

47. Defendant denies the allegations made in paragraph 45 of the Complaint.

48. Defendant denies the allegations made in paragraph 46 of the Complaint.

49. Defendant denies the allegations made in paragraph 47 of the Complaint.

50. Defendant denies the allegations made in paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

51. By way of affirmative defenses to the allegations of the Complaint herein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

52. Plaintiff's Complaint and each purported claim for relief fails to state sufficient facts to constitute a claim for relief against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

53. Plaintiff's purported fourth and fifth causes of action are barred by the fact that at all times Plaintiff was an at-will employee.

### THIRD AFFIRMATIVE DEFENSE

54. Plaintiff's purported sixth cause of action is barred by the exclusive remedy provisions of the California Workers' Compensation Act.

### FOURTH AFFIRMATIVE DEFENSE

55. Plaintiff's Complaint and each purported cause of action are barred in whole or in part by the applicable statutes of limitations, including, but not limited to the statutes of limitations set forth in California Code of Civil Procedure sections 335, 335.1, 337, 338 and 340, and 42 U.S.C. section 2000e-5.

### FIFTH AFFIRMATIVE DEFENSE

56. Plaintiff's third and seventh purported causes of action is barred in whole or in part because Plaintiff has failed to meaningfully exhaust mandatory, administrative remedies under California Government Code section 12960 and 12965.

### SIXTH AFFIRMATIVE DEFENSE

57. Plaintiff's purported first cause of action is barred in whole or in part because Plaintiff has failed to meaningfully exhaust mandatory, administrative remedies under 42 U.S.C. 2000e-5.

### SEVENTH AFFIRMATIVE DEFENSE

58. Plaintiff's purported first, third and seventh causes of action are barred in whole or in part because assuming *arguendo* Defendant knew or should have known Plaintiff was

subjected to unlawful discrimination, harassment or retaliation, Defendant took immediate and appropriate corrective action.

### EIGHTH AFFIRMATIVE DEFENSE

59.     Plaintiff's purported claims for lost wages are barred and/or any recovery for lost wages must be reduced, to the extent Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages.

### NINTH AFFIRMATIVE DEFENSE

60.     Plaintiff's purported third cause of action for discrimination and harassment on the basis of age and gender, and retaliation, and Plaintiff's purported seventh cause of action for wrongful termination against public policy are barred because, to the extent that any actions of Defendant could be construed as unlawful discrimination, harassment or retaliation (all of which Defendant denies), Defendant exercised reasonable care to prevent such conduct and would have taken immediate and appropriate corrective action to remedy and stop any such alleged misconduct had Plaintiff complained about such alleged discriminatory conduct. On information and belief, Plaintiff unreasonably failed to utilize the preventative or corrective remedies provided by Defendants and failed to otherwise avoid such harm. Plaintiff's claims are therefore barred, in whole or in part, by the doctrine of avoidable consequences.

### ELEVENTH AFFIRMATIVE DEFENSE

61.     Plaintiff's purported first cause of action for discrimination and harassment on the basis of gender and retaliation under Title VII is barred by the United States Supreme Court decisions in *Burlington Industries v. Ellerth*, 118 S. Ct. 2257, 2270 (1998), and *Faragher v. Boca Raton*, 118 S. Ct. 2275, 2292-93 (1998) because, to the extent that any actions of Defendant could be construed as unlawful discrimination or harassment, failing to engage in an interactive process or make reasonable accommodation to any known disability of Plaintiff (all of which Defendant denies), Defendant exercised reasonable care to prevent such conduct and would have taken immediate and appropriate corrective action to remedy and stop any such alleged misconduct had Plaintiff complained about such alleged discriminatory conduct. On information and belief, Plaintiff unreasonably failed to utilize the preventative or corrective remedies provided

by Defendant and failed to otherwise avoid such harm.

### TWELVTH AFFIRMATIVE DEFENSE

62. Plaintiff's purported claims for punitive damages against Defendant Hilton are barred by California Civil Code section 3295.

### THIRTEENTH AFFIRMATIVE DEFENSE

63. Plaintiff's purported claims for compensatory and punitive damages under the Title VII and any other federal civil rights law are barred or limited by operation of 42 U. S. C. §1981a. *See Kolstad v. American Dental Ass'n* (1999) 527 U.S. 526.

### FOURTEENTH AFFIRMATIVE DEFENSE

64. Plaintiff's damages, if any, are to be reduced by all income received by Plaintiff subsequent to her separation from employment with Defendant. Such income shall include, without limitation, all earned income, state disability payments, social security disability payments, private disability insurance benefits, Medi-Cal and Medicare benefits, and any other monies paid to Plaintiff in compensation for services rendered under any federal, state or local program or from any private insurance company.

### FIFTEENTH AFFIRMATIVE DEFENSE

65. The alleged contract upon which Plaintiff purports to bring her fourth and fifth causes of action was and is, to the extent such a contract exists or existed, is unenforceable as violative of the statute of frauds.

### SIXTEENTH AFFIRMATIVE DEFENSE

66. The alleged contract upon which Plaintiff purports to bring her fourth and fifth causes of action was and is, to the extent such a contract exists or existed, void and/or unenforceable due to failure of mutual assent.

### SEVENTEENTH AFFIRMATIVE DEFENSE

67. The alleged contract upon which Plaintiff purports to bring her fourth and fifth causes of action was and is, to the extent such a contract exists or existed, void and/or unenforceable due to Plaintiff's own prior material breach of the contract thereby excusing Defendant's performance.

### EIGHTEENTH AFFIRMATIVE DEFENSE

68. Any recovery on Plaintiff's purported third and seventh causes of action is barred by California Labor Code sections 2854 and 2856 because Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

### NINETEENTH AFFIRMATIVE DEFENSE

69. Plaintiff's purported first, third and seventh causes of action are barred in whole or in part because, even assuming *arguendo* that discriminatory or retaliatory reasons had been motivating factors in any employment decisions towards Plaintiff, Defendant would have made the same employment decisions in any case for legitimate, non-discriminatory and non-retaliatory business reasons. *Kolstad v. American Dental Ass'n, supra,* 527 U.S. 526.

### TWENTIETH AFFIRMATIVE DEFENSE

70. Plaintiff's purported fourth and fifth causes of action are barred in whole or in part because Plaintf was terminated for good cause.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

71. If Plaintiff sustained any loss, injury, damage or detriment as alleged by the Complaint, such loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff because Plaintiff did not exercise reasonable care, and Plaintiff's loss, injury, damage or detriment, if any, should be reduced in proportion to the percentage of Plaintiff's own comparative or contributory negligence.

///
///
///
///
///
///
///
///

## PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of her Complaint;

2. For reasonable costs and attorneys' fees pursuant to statute; and

3. For such further relief as the Court may deem just and proper.

Dated: May 1, 2008

JACKSON LEWIS LLP

By: _____
Jamerson C. Allen
Tara L. Riedley
Attorneys for Defendant
HILTON HOTEL CORPORATION
(also erroneously sued as "HILTON HOTEL SAN FRANCISCO")

11

DEFENDANT HILTON HOTELS CORPORATION'S
ANSWER TO PLAINTIFF ARNOLDI'S COMPLAINT

Case No. CV 08 1103 MEI