1  Jamerson C. Allen (State Bar No. 132866)
   Tara L. Riedley (State Bar No. 236508)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California 94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401

5  Attorneys for Defendant
   HILTON HOTELS CORPORATION
6

7  Lawrence W. Fasano, Jr. (State Bar No. 80017)
   FASANO LAW OFFICE
8  720 Market Street, Penthouse Suite
   San Francisco, California 94102-2500
9  Telephone: (415) 956-8800
   Facsimile: (415) 956-8811
10

11 Attorneys for Plaintiff
   STEPHANIE ARNOLDI
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15 STEPHANIE ARNOLDI,                    Case No. CV 08 1103 MEJ

16            Plaintiff,
                                         **JOINT CASE MANAGEMENT**
17       v.                              **STATEMENT**

18 HILTON HOTEL SAN FRANCISCO,           Date:      June 5, 2008
   individually, and HILTON HOTEL        Time:      10:00 a.m.
19 CORPORATION,                          Dept:      Ctrm B, 15th Floor
                                         Judge:     Hon. Maria-Elena James
20            Defendants.

21                                       Complaint Filed: February 25, 2008

22

23       Pursuant to the Court's March 1, 2007 Standing Order and Civil Local Rule 16-9, Plaintiff

24 STEPHANIE ARNOLDI ("Plaintiff" or "Arnoldi") and Defendant HILTON HOTELS

25 CORPORATION (also erroneously sued as "Hilton Hotel San Francisco") ("Defendant" or

26 "Hilton") (hereinafter collectively referred to as the "Parties") jointly submit the following Case

27 Management Statement.

28 ///

                                   1                    Case No. CV 08 1103 MEJ

1. **Jurisdiction, Venue and Service**

This Court has jurisdiction of this action pursuant to 28 U.S.C. section 1343 in that Plaintiff purports to seek damages under Title VII of the Civil Rights Act of 1964 ("Title VII"). This Court also has pendent jurisdiction to consider Plaintiff's state law claims.

The parties agree venue is proper in this Court.

All proper parties have been served. Plaintiff erroneously named Hilton Hotel San Francisco as an individual defendant. Hilton Hotel San Francisco is a trade name used by Defendant Hilton Hotels Corporation. The parties agree to dismissal of Hilton Hotel San Francisco as a defendant.

2. **Facts**

**Plaintiff's Summary:**

Plaintiff is an African American woman, approximately 50 years of age, who worked for a number of years at Hilton Hotel Oakland. In April 2004, she transferred to Hilton San Francisco to accept the position of Senior Sales Manager. She was the Director of Sales and Marketing in Oakland, but accepted the position as Senior Sales Manager in San Francisco in order to be close to her elderly parent who was ill.

In February 2005, she was witness to and reported to Human Resources a sexually inappropriate statement made by Hilton employee Scott Baublitz to a fellow co-worker. Hilton disciplined Mr. Baublitz for his misconduct and in May 2006, Plaintiff's employment was terminated. Scott Baublitz was involved in the decision to terminate Plaintiff's employment.

Plaintiff's employment termination was based upon set of standards that were different than the standards applied to a Non-African American woman who were 50 years of age. The environment in which Plaintiff worked at Hilton was predominantly male. Plaintiff was the only Afro American woman who worked in the employment classification as Senior Sales Manager.

**Defendant's Summary of Facts:**

Plaintiff, a 50-year-old, African American woman, began working as a Senior Sales Manager at the San Francisco Hilton in April 2004, when she was transferred from her position as the Director of Sales & Marketing at Hilton Oakland Airport. Plaintiff had been employed at the

1  Hilton Oakland Airport since July 1996 and, prior to becoming the Director of Sales & Marketing

2  there, had held positions as the Catering Conference Coordinator and as a Sales Manager.

3       Plaintiff's performance at Hilton Oakland Airport is documented as mediocre at best.

4  Further, she failed to efficiently train and manage her sales team, and rejected criticism and

5  advice from her supervisors with regard to her performance and management skills.

6  Notwithstanding her track record at Hilton Oakland Airport, Hilton management believed that

7  Plaintiff might succeed in a non-supervisory position with fewer responsibilities and, therefore,

8  offered her the Senior Sales Manager position at San Francisco Hilton.

9       Even though Plaintiff's position at San Francisco Hilton required less of her in terms of

10  responsibility and supervisory duties, her performance did not improve. From April 2004 to May

11  2006, when she was terminated by Hilton, she achieved Hilton's performance standard of

12  producing a revenue equal to or greater than 95% of her predetermined sales goals per trimester

13  only one out of six trimesters. Although she received numerous warnings about her performance,

14  she refused to implement, let alone accept, the support and feedback provided by her supervisor,

15  Laura Jung ("Jung"), the Director of Group Sales. Plaintiff's continued poor performance led to

16  Hilton's decisions to place her on probation in February 2006, and subsequently, terminate her in

17  May 2006.

18       Plaintiff claims her termination was a result of unlawful discrimination against her on the

19  basis of her age, gender and race. She further alleges that her termination was retaliation for her

20  participation in Hilton's January 2005 investigation into one instance of inappropriate conduct by

21  Scott Baublitz ("Baublitz"), Hilton San Francisco's Director of Sales & Marketing, towards

22  another co-worker. Plaintiff participated in Hilton's investigation by providing a written

23  statement of her observations of the incident. Ultimately, Baublitz was reprimanded for his

24  behavior and warned that further inappropriate conduct would not be tolerated. Although

25  Baublitz had a management position with respect to Plaintiff, he was not her direct supervisor.

26  Plaintiff's direct supervisor was Jung, the Director of Group Sales. Thus, Baublitz had only

27  secondary involvement with regard to decisions regarding Plaintiff's employment with Hilton.

28  Moreover, Baublitz was over 40 years at the time of the Plaintiff's termination.

1       Hilton lawfully terminated Plaintiff's employment based on legitimate, non-

2   discriminatory and non-retaliatory reasons, namely, her performance. Its actions were at all times

3   justified and lawful, and Hilton denies any liability to Plaintiff and disputes Plaintiff's claims for

4   damages.

5       Plaintiff's Complaint, filed on February 25, 2008, alleged the following seven causes of

6   action:  1) Violation of Title VII of the Federal Civil Rights Act; 2) Violation of the Unruh Act;

7   3) Violation of the California Fair Employment and Housing Act; 4) Breach of Contract for

8   Employment; 5) Breach of the Covenant of Good Faith and Fair Dealing;  6) Negligent Hiring

9   and Retention of an Employee; and (7) Wrongful Termination in Violation of Public Policy.

10  Plaintiff stipulated to dismiss with prejudice her second cause of action for violation of the Unruh

11  Act on May 21, 2008.

12      **3.**    **Principal Legal Issues in Dispute**

13      **Plaintiff's Summary:**

14      Plaintiff agrees with the Issues set forth herein below by Defendant.

15      **Defendant's Summary:**

16          a.     Whether Plaintiff has properly demanded a trial by jury pursuant to Fed. R.

17  Civ. P. 38; Local Rule 3-6(a); *U.S. v. Moore,* 340 U.S. 616 (1951); *Pradier v. Elespuru,* 641 F.2d

18  808 (1981)*; Mardesich v. Marciel,* 538 F.2d 848 (1976); *Tomlin v. Pope & Talbott, Inc,* 282 F.2d

19  447 (1960);

20          b.     Whether Plaintiff can establish a prima facie case of race, age or gender

21  discrimination under Title VII;

22          c.     Whether Plaintiff can establish a prima facie case of race, age or gender

23  discrimination under the California Fair Employment and Housing Act;

24          d.     Whether Plaintiff can prove that Hilton's reasons for terminating her

25  employment were pretext for discrimination;

26          e.     Whether Plaintiff can establish a prima facie case of breach of contract on

27  the basis of Hilton's termination of her employment;

28  ///

1         f.      Whether Plaintiff can establish a prima facie case that Hilton breached the

2    implied covenant of good faith and fair dealing by (1) allegedly discriminating against her;

3    (2) allegedly subjecting her to a work environment devoid of other African American women;

4    and (3) terminating her;

5         g.      Whether Plaintiff can establish a prima facie case of negligent hiring and

6    retention on the grounds of Hilton's employment of Scott Baublitz;

7         h.      Whether Plaintiff can establish a prima facie case of wrongful termination

8    in violation of public policy on the basis that Hilton allegedly discriminated against her in

9    violation of California law;

10        i.      Whether Plaintiff suffered any damages, physical or emotional, as a result

11   of Defendant's alleged actions;

12        j.      Whether Plaintiff has mitigated her damages, if any; and

13        k.      Whether Defendant acted with fraud, malice or oppression, so as to permit

14   an award of punitive damages.

15       **4.**    **Motions**

16       &bull;  Plaintiff reserves the right after discovery to bring a Motion for Summary

17          Judgment.

18       &bull;  Defendant plans to file a motion for summary judgment or partial summary judgment.

19       &bull;  If the court deems it necessary, Defendant shall file a motion to strike the jury demand

20          referenced in the title of Plaintiff's complaint.

21       **5.**    **Amendment of Pleadings**

22       The parties do not plan to amend the pleadings.  Plaintiff has stipulated to dismiss her

23   second cause of action against Defendant for violation of the Unruh Act.

24       **6.**    **Evidence Preservation**

25       &bull;  Plaintiff – Plaintiff has preserved all the evidence in support of her claims.

26       &bull;  Defendant – Hilton took immediate steps to identify, preserve and collect all the

27          relevant documents and information in February 2008, when it received notice that

28          Plaintiff filed the above-captioned lawsuit against it.  Hilton will continue to do so

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

until the matter is completely resolved. Defendant has directed all persons under its control who may possess electronic or physical evidence to preserve and collect the same. This includes Hilton immediately suspending any document-destruction policies or planned erasures of electronic media as to information that is or may be relevant to issues in this matter.

**7.     Disclosures**

To allow the parties sufficient time to complete their search for documents and review of relevant witnesses, Initial Disclosures will be simultaneously exchanged by mail on June 19, 2008.

**8.     Rule 26(f) Proposed Discovery Plan and Stipulated Discovery Limits**

a.     On May 28, 2008, the parties met and conferred, and agreed to exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before June 19, 2008. The parties do not think that changes should be made in the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

b.     The parties anticipate discovery will be conducted to address all of the issues raised in Plaintiff's complaint and Defendant's defenses asserted in response to the allegations in Plaintiff's complaint. The parties met and conferred, and agreed that the parties would limit depositions prior to mediation as a means to manage costs and fees associated with this matter. Prior to mediation, each party will take 1 or 2 "summary" depositions, lasting, at the deposing party's discretion, between 3 and 5 hours. Following mediation, the parties may take depositions in accordance with Fed. R. Civ. P. 30.

c.     The parties propose the following discovery limitations and changes:

1.     The parties will each depose 1-2 individuals prior to mediation. These depositions will be limited in time to 3-5 hours.

2.     The parties will serve interrogatories pursuant to Fed. R. Civ. P. 33.

3.     The parties will serve document demands pursuant to Fed. R. Civ. P. 34.

4.     The parties will serve requests for admission pursuant to Fed. R. Civ. P. 36.

///

d.    The parties are unaware of any issues regarding privilege at this time.  If such issues arise, the parties will consider the necessity of a stipulated protective order for the Court's approval.

**9.    Class Actions**

Not applicable to this case.

**10.    Related Cases**

The parties are not aware of any related cases.

**11.    Relief**

**Plaintiff's Summary:**

Plaintiff was the only African American woman working in the position of Sales Manager at San Francisco Hilton Hotel.  Plaintiffs employment termination was motivated by racial animus towards her and in retaliation for her reporting the sexually impropriated made by Hilton Supervisor.  The standards that were used by Hilton to terminate the employment were different than the standards that Hilton applied to Non-African American woman who was similarly situated to Plaintiff.

**Defendant's Summary:**

Defendant contends that its actions were at all times justified and lawful.  Defendant denies it has acted wrongfully or unlawfully in any way and further denies any and all claims for damages.

**12.    Settlement and ADR**

No formal ADR efforts to date.  The parties have discussed the possibility of settlement. The parties determined, however, that meaningful settlement discussions will require the parties conduct some discovery and then proceed to an ADR process.    The parties have met and conferred on potential ADR, and have agreed to Court Process Mediation.  The Parties filed their stipulation regarding the ADR process on May 28, 2008.

For Defendant, if Court Process Mediation does not resolve this matter, Defendant will proceed with the second day of Plaintiff's deposition and witness depositions before revisiting the issue of settlement.

**13.**     **Consent to Magistrate Judge for All Purposes**

At this time, the parties consent to a magistrate judge for all purposes.

**14.**     **Other References**

The case is not suitable for non-binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.**     **Narrowing of Issues**

The parties are not aware of any issues that can be narrowed at this time.

**16.**     **Expedited Schedule**

This case is not suitable for expedited procedures.

**17.**     **Scheduling**

**Plaintiff's Summary:**

Plaintiff aggress with the schedule set by Defendant and prefers August trial date.

**Defendant's Summary:**

Due to counsels' current 2009 schedules, the parties propose an April or late August 2009 trial date. To all the parties sufficient time for discovery, ADR and dispositive motions, the parties proposes the following schedule:

| | | April 2009 Trial | August 2009 Trial |
|---|---|---|---|
| a. | Non-expert discovery cut-off: | December  2009 | April 2009 |
| b. | Dispositive motion filing deadline: | January  2009 | May 2009 |
| c. | Dispositive motion hearing cut-off: | February 2009 | June 2009 |
| d. | Fed. R. Civ. P. 26 expert disclosures: | February 2009 | June 2009 |
| e. | Fed. R. Civ. P. 26 rebuttal disclosures: | March 2009 | July 2009 |
| f. | Expert discovery cut off: | March 2009 | July 2009 |
| g. | Pretrial Conference: | Per the Court | Per the Court |
| h. | Trial: | April 2009 | August 2009 |

**18.**     **Trial**

- Plaintiff has demanded a jury trial and estimates one week jury trial.

///

1  • Defendant disputes that Plaintiff has demanded a jury trial in accordance with Fed. R.

2  Civ. P. 38 and Local Rule 3-6(a). Defendant estimates 5-7 days for trial.

3      **19.    Disclosure of Non-Party Interested Entities or Persons**

4  • Plaintiff has none to disclose.

5  • Defendant has none to disclose.

6      **20.    Other Matters that May Facilitate the Just, Speedy and Inexpensive**

7  **Disposition of**

8  **This Matter**

9      The parties are unaware of any additional matters at this time.

10

11  Respectfully submitted,

12  Dated: May 29, 2008              JACKSON LEWIS LLP

13

14                         By:

15                                  Jamerson C. Allen
                                    Tara L. Riedley
16                                  Attorneys for Defendant
                                    HILTON HOTELS CORPORATION
17

18  Dated: May 29, 2008              FASANO LAW OFFICE

19

20                         By:
                                    Lawrence Fasano
21                                  Attorney for Plaintiff
                                    STEPHANIE ARNOLDI
22

23

24          [THIS SPACE INTENTIONALLY LEFT BLANK]

25

26

27

28

                              9                    Case No. CV 08 1103 MEJ

1

**CASE MANAGEMENT ORDER**

2      The Case Management Statement and [Proposed] Order are hereby adopted by the Court

3 as the Case Management Order for the case and the parties are ordered to comply with this Order.

4 In addition the Court orders:

5

6

7

8

9

10

11

12

13

14 Dated: _____    _____

15                         THE HONORABLE MARIA-ELENA JAMES
UNITED STATES DISTRICT COURT

16                         MAGISTRATE

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT