Jamerson C. Allen (State Bar No. 132866)
Tara L. Riedley (State Bar No. 236508)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendant
HILTON HOTELS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE ARNOLDI,<br><br>        Plaintiff,<br><br>    v.<br><br>HILTON HOTEL SAN FRANCISCO, individually, and HILTON HOTELS CORPORATION,<br><br>        Defendants. | Case No. CV 08 1103 MEJ<br><br>**DEFENDANT'S BRIEF REGARDING THE SUFFICIENCY OF PLAINTIFF'S DEMAND FOR JURY TRIAL**<br><br>DATE:     June 19, 2008<br>TIME:     10:00 a.m.<br>CTRM.:   B, 15th Floor |

### I.    FACTUAL SUMMARY

Plaintiff STEPHANIE ARNOLDI ("Plaintiff" or "Arnoldi") filed her Complaint for Damages against Defendant HILTON HOTELS CORPORATION ("Defendant" or "Hilton") on February 25, 2008 in the Northern District of California. The Complaint purports to allege six causes of action against Defendant, although the parties subsequently stipulated to the dismissal of one of them.

The only reference to a jury demand in Plaintiff's Complaint is the statement "JURY TRIAL DEMANDED" which is set forth at the bottom of the Complaint's title immediately next to the caption. There is no demand for a jury trial contained in any of the sections which comprise the body of the Complaint. Nor has Plaintiff filed a separate jury demand. Defendant answered the Complaint on May 1, 2009 and did not demand a jury trial.

Defendant first raised the issue of Plaintiff's failure to make a proper jury demand during the parties' meet and confer prior to the case management conference and the issue was accordingly raised in the parties' joint case management statement. At present, the Court's electronic docket for this case reflects that no demand for a jury trial has been made by either party.

## II.  LEGAL ARGUMENT

### A. Plaintiff's Alleged Demand For A Jury Trial Is Deficient

Plaintiff claims that she has properly and timely demanded a jury trial. However, the statement "JURY TRIAL DEMANDED" contained in the title of her Complaint does not suffice as a proper demand pursuant to the Federal Rules of Civil Procedure and the Northern District of California's Civil Local Rules. Rule 38(b) of the Federal Rule of Civil Procedure provides:

> **Demand.**
>
> On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1) Serving the other parties with a written demand – which may be included in a pleading – no later than 10 days after the last pleading directed to the issue is served.
>
> (2) Filing the demand in accordance with Rule 5(d).

Rule 38(d) further provides:

> **Waiver; Withdrawal.**
>
> A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Pursuant to Rules 38(b) and (d), a party wishing to demand a trial by jury must serve a written demand on the opposing parties. A demand for jury trial may be included in a pleading or may be filed separately. The time for filing a jury trial demand is any time following the commencement of an action until ten (10) days after the filing of a defendant's answer. *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1063 (9th Cir. 2005).

The Northern District of California also imposes requirements on a party seeking to demand a trial by jury. Local Rule 3-6 states:

///

   **Jury Demand.**

   (a) **Included in Pleading.** A party may demand a jury trial as provided in F.R.Civ.P. 38(b). <u>When a demand for a jury trial is included in a pleading, the demand must be set forth at the end of the pleading. When the demand is made by a party who is represented by counsel, the pleading must be signed by the attorney for the party making the demand.</u> In the caption of such pleading, immediately following the title of the pleading, the following must appear: "DEMAND FOR JURY TRIAL."

   (b) **Marking of Civil Cover Sheet Insufficient.** Marking the civil cover sheet to indicate a demand for jury trial is not a sufficient demand to comply with this Local Rule.

(Emphasis added). Thus, for cases venued in the Northern District, a party seeking to include a demand for jury trial in a pleading must not only include the statement "DEMAND FOR JURY TRIAL" in the caption but <u>also</u> set forth a demand for jury trial at the end of the pleading, signed by the party's attorney.

   1. <u>**Plaintiff's Demand For Jury Trial Is Insufficient Because She Did Not Set Forth A Demand At The End Of Her Complaint As Required By Local Rule 3-6**</u>

Plaintiff's alleged jury trial demand consists of a single assertion contained in the title of her Complaint which states "JURY TRIAL DEMANDED." Although F.R.Civ.P. 38(b) allows a party to include a demand within a pleading, it is silent on how such a demand is to be made. However, Local Rule 3-6 provides just this sort of direction. A proper jury trial demand includes the statement "DEMAND FOR JURY TRIAL" in the caption and, <u>in addition</u>, a demand must be set forth at the end of the pleading and be signed by the attorney. Here, Plaintiff has satisfied only the first prong of the Local Rule 3-6 requirements for making a jury demand. Plaintiff failed to include a demand at the end of the pleading, as required by Local Rule 3-6. Plaintiff also failed to sign the jury demand, another requirement of Local Rule 3-6. Accordingly, her alleged demand for a jury trial is deficient.

Other than the Complaint, there is no other pleading filed by either party which purports to demand a jury trial. There is also no record of any other non-pleading document filed with the Court which asserts a demand for a trial by jury. Thus, Plaintiff has failed to properly demand a jury trial under F.R.Civ.P. 38(b) and Local Rule 3-6.

///

DEFENDANT'S BRIEF REGARDING THE SUFFICIENCY OF PLAINTIFF'S DEMAND FOR JURY TRIAL

### 2. Plaintiff Has Waived Her Right To A Jury Trial

According to F.R.Civ.P. 38(b), the time to make a demand for a jury trial begins when the action is commenced by Plaintiff and ends ten days after Defendant has answered Plaintiff's complaint. In this case, Plaintiff had from the date she filed her Complaint, February 25, 2008, to ten days after Defendant filed its answer, May 11, 2008. The period for making a demand has well expired. Therefore, Plaintiff is barred from making any future demands for a jury trial with respect to the claims contained in her Complaint. Because Plaintiff has failed to make a proper, timely demand, she has waived her right to a jury trial pursuant to F.R.Civ.P. 38(d). *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1086-1807 (9th Cir. 2006); *Tomlin v. Pope & Talbot, Inc.*, 282 F.2d 447, 448 (9th Cir. 1960).

### B. The Electronic Case Docket Indicates That There Has Been No Demand For A Jury Trial

Plaintiff's failure to make an effective demand for jury trial is further evidenced by the Court's electronic docket for this case. Rule 39(a) of the Federal Rules of Civil Procedure provides in part:

> **When a Demand is Made.**
>
> When jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.

*See Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995).

Here, the electronic docket has never indicated that Plaintiff's case against Hilton is a jury action. The top of the docket sheet clearly reads "Jury Demand: None." Thus, the docket further evidences that Plaintiff has failed to make a proper demand for a jury trial.

### C. The Court Should Not Exercise Its Discretion To Order This Case Be Tried To A Jury Because Plaintiff's Failure To Make A Timely Jury Demand Was For No Reason Other Than Mere Inadvertence

Although a party has "failed to demand a jury in an action in which such a demand might have been a right, the court in its discretion upon motion may order a trial by jury of any or all issues." *Tomlin v. Pope & Talbot, Inc., supra*, 282 F.2d at 448. However, "the view has been stated that as a matter of judicial administration discretion ought rarely to be exercised to grant a

trial by a jury in default of a timely request of it." *Id.* at 449, *citing Mason v. British Overseas Airways Corp., D.C.*, 20 F.R.D. 213 (S.D.N.Y. 1957). Specifically, F.R.Civ.P. 39(b) does not "permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Zivkovic v. Southern California Edison Co., supra,* 302 F.3d at 1086, *citing Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins. Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001); *see also Kulas v. Flores*, 255 F.3d 780, 784 (9th Cir. 2001); *Ward v. Sunrise Assisted Living Investments, Inc.*, 2006 U.S. Dist. LEXIS 1364, *5 (N.D. Cal. 2006). Oversight or inadvertence includes a "good faith mistake of law with respect to the deadline for demanding a jury trial." *Id.*

During the parties' case management meet and confer, Plaintiff's counsel stated that he believed Plaintiff's demand in the caption of her Complaint satisfied the requirements for demanding a jury trial in the Northern District of California. He provided no other reason as to why he chose to omit a demand at the end of Plaintiff's Complaint or why he had not filed a separate, timely demand on Plaintiff's behalf. It appears that Plaintiff's failure to demand a jury trial is the result of an oversight or inadvertence. Thus, the Court should not excuse Plaintiff's failure to make a timely demand for a jury trial.

### III. CONCLUSION

For the foregoing reasons, Defendant Hilton Hotels Corporation respectfully requests the Court find Plaintiff has not filed a proper jury demand and order the action to be tried to the Court.

Date:  June 12, 2008                    JACKSON LEWIS LLP


                                        By      s/Jamerson C. Allen
                                            Jamerson C. Allen
                                            Tara L. Riedley
                                            Attorneys for Defendant
                                            HILTON HOTELS CORPORATION