Jamerson C. Allen (State Bar No. 132866)
Tara L. Riedley (State Bar No. 236508)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401

Attorneys for Defendant
HILTON HOTELS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE ARNOLDI,<br><br>Plaintiff,<br><br>v.<br><br>HILTON HOTEL SAN FRANCISCO, individually, and HILTON HOTELS CORPORATION,<br><br>Defendants. | Case No. CV 08 1103 MEJ<br><br>**DEFENDANT'S REPLY BRIEF REGARDING THE SUFFICIENCY OF PLAINTIFF'S DEMAND FOR JURY TRIAL** |

Defendant HILTON HOTELS CORPORATION ("Hilton" or "Defendant") hereby submits the following Reply Brief in support of its Brief Regarding the Sufficiency of Plaintiff's Demand for Jury Trial filed on June 12, 2008.

I. **Plaintiff Has Failed to Demand a Jury Trial Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6**

Plaintiff claims that she has satisfied the requirements of Rule 38(b) of the Federal Rules of Civil Procedure and that she does not need to satisfy Local Rule 3-6 because it is inconsistent with Rule 38(b). However, Plaintiff admits that the only actions she has taken to fulfill the elements necessary to comply with Rule 38(b) are: (1) checking a box on the Case Civil Cover Sheet; and (2) including the words "JURY TRIAL DEMANDED" in the caption of her Complaint. *See* Plaintiff's Brief in Opposition to Defendant's Motion to Strike Plaintiff's Jury

Demand ("Plaintiff's Brief"), p.1. Neither of these actions suffice to demand a trial by jury under Rule 38(b). Moreover, Local Rule 3-6 is not inconsistent with Rule 38(b) and, therefore, Plaintiff has waived her right to a jury trial under both Rule 38(b) and Local Rule 3-6.

### A. Checking the "Jury Demand" Box on the Case Civil Cover Sheet Is Insufficient to Satisfy Rule 38(b) of the Federal Rules of Civil Procedure

Plaintiff claims she properly demanded a jury trial by checking the box indicating "jury trial" on the Case Civil Cover Sheet. In *Wall v. Nat'l R.R. Passenger Corp.* (9th Cir. 1983) 718 F.2d 906, 909, the court held that "checking the jury demand box on the civil cover sheet [was] insufficient to meet the requirements of rule 38(b)." The court stated that the "civil docket sheet is an administrative document designed to facilitate the court's management of a trial and is not served on the opposing party" and, therefore, "cannot substitute for proper service under rule 38(b)." *Id.* Accordingly, Plaintiff's claim that she has satisfied Rule 38(b) by checking the "Jury Demand" box on the Case Civil Docket Sheet is of no avail and the Court should order the case to be tried to the Court.

### B. Placing the Statement "JURY TRIAL DEMANDED" in the Caption of the Complaint Is Insufficient to Satisfy Rule 38(b) of the Federal Rules of Civil Procedure or Local Rule 3-6

Plaintiff claims that she has properly demanded a jury trial by inserting the statement "JURY TRIAL DEMANDED" into the caption of her Complaint. Although Rule 38(b) states that a demand for jury trial "may be included in a pleading," it provides no indication of where the demand must be placed. *See* F.R.Civ.P. 38(b). However, the Advisory Committee Notes for Rule 83 of the Federal Rules of Civil Procedure, which enables District Courts to "adopt and amend rules governing [their] practice," indicate that Rule 38(b) requires a demand for jury trial to be made in the *body* of the pleading as opposed to the caption. The Notes of the Advisory Committee on the 1995 amendments to Rule 83 state in pertinent part:

> Paragraph (2) is new. Its aim is to protect against loss of rights in the enforcement of local rules relating to matters of form. For example, a party should not be deprived of a right to a jury trial because its attorney, unaware of--or forgetting--a local rule directing that jury demands be noted in the caption of the case, <u>includes a jury demand only in the body of the pleading</u>.

The Advisory Committee Notes strongly infer that Rule 38(b) requires the jury demands to be included in the body of the pleading and further suggests that inserting a demand into the caption of the pleading is an additional requirement imposed not by Rule 38(b), but by the local rules of some District Courts. Local Rule 3-6(a) of the District Court of Northern California provides:

> When a demand for a jury trial is included in a pleading, the demand must be set forth at the end of the pleading. When the demand is made by a party who is represented by counsel, the pleading must be signed by the attorney for the party making the demand. In the caption of such pleading, immediately following the title of the pleading, the following must appear: 'DEMAND FOR JURY TRIAL.'

Thus, by placing the statement "JURY TRIAL DEMANDED" in the caption and failing to insert a jury demand anywhere else in the body of the Complaint, Plaintiff failed to comply Rule 38(b), and complied with only one of the two elements required for a jury demand under Local Rule 3-6. As Plaintiff has failed to fulfill the elements necessary to demand a jury trial under both Rule 38(b) and Local Rule 3-6, the Court should order case to be tried to the Court.

### C. Local Rule 3-6(a) of the District Court of Northern California is Not Inconsistent with Rule 38 of the Federal Rules of Civil Procedure

Rule 83(1) of the Federal Rules of Civil Procedure provides that a "district court . . . may adopt and amend rules governing its practice. A local rule must be consistent with – but not duplicate – federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075." Plaintiff argues that Local Rule 3-6 is inconsistent with Rule 38 of the Federal Rules of Civil Procedure and, therefore, cannot be enforced by the Court. Although *Colgrove v. Battin*, 413 U.S. 149 (1973), inarguably sets forth this proposition, Plaintiff's reliance on it in support of her argument that Local Rule 3-6 does not comport with Rule 38(b) is misplaced. In *Colgrove*, the Court considered whether the District of Montana Local Rule 13(d)(1) was consistent with Rule 48 of the Federal Rules of Civil Procedure. *Id.* at 163-164. The Court held that Local Rule 13(d)(1), which stated that a jury in civil cases "shall consist of six persons," did not conflict with Rule 48, which provides that "parties may stipulate that the jury shall consist of any number less than

twelve," for two reasons. *Id.* at 163-164. First, the Court found that Rule 48 was drafted at the time that a trial by jury was held to mean a "jury of twelve" and, that therefore, it could not be "transmuted into an implied direction to impanel juries of twelve without regard to whether a jury of 12 was required by the Seventh Amendment." *Id.* at 163. Finding that the Seventh Amendment does not require a jury of 12, the Court found "nothing in the Rule with which the local Rule is inconsistent." *Id.* at 163. The court also rejected plaintiff's argument that the Local Rule deprived him of the "right to stipulate to a jury of any number less than 12." *Id.* at 164. The Court held that Rule 48 "deals only with a stipulation by the parties. It does not purport to prevent court rules which provide for civil juries of a reduced size." *Id.* at 164.

Similar to *Colgrove*, Local Rule 3-6 is not inconsistent with Rule 38(b). Just as Rule 38(b), Local Rule 3-6 requires a party demanding a jury trial to place the demand in the pleading. Local Rule 3-6 simply goes one step further than Rule 38(b) by requiring the demand to be placed at the end of the pleading. As Rule 38(b) does not specify or prohibit a location for the demand other than that it must be within the body of the pleading, the local requirement that the demand be located at the end of the pleading is not inconsistent with Rule 38(b). Further, as Plaintiff placed the statement "JURY TRIAL DEMANDED" in the caption of her Complaint, it seems she has no issue with regard to the consistency of the second element of Local Rule 3-6.

II. **Plaintiff's Failure to Timely Demand a Jury Trial Under Rule 38(b) and Local Rule 3-6 is Due to Inadvertance and Oversight and, Therefore, the Court Should Order this Case to be Tried to the Court**

Plaintiff claims the failure to fulfill an additional requirement of placing a demand for jury trial in the prayer cannot constitute waiver of a trial by jury. *See* Plaintiff's Brief, p. 2. As discussed above, Rule 38(b) requires a demand for jury trial to be placed within the body of the pleading in which it is asserted. By directing that the demand be placed at the end of the pleading (and not necessarily in the prayer), Local Rule 3-6 does not conflict with Rule 38(b), but rather provides further specificity with regard to location of the demand.

Plaintiff additionally claims that the Court should "indulge every reasonable presumption against waiver." *See* Plaintiff's Brief, p.2. However, only one of the cases she cites refers to

Rule 39(b) of the Federal Rules of Civil Procedure. *See Aetna Ins. Co. v. Kennedy to the Use of Bogash*, 301 U.S. 389 (1937) (Parties did not waive right to jury trial by their request for directed verdicts); *Heyman v. Kline*, 456 F.2d 123 (2nd Cir. 1972) (Plaintiff did not waive right to jury trial by failing to make a demand for such at a preliminary injunction hearing when answer had not been and was not due to be filed); *Local 783, Allied Indus. Workers of Am., AFL-CIO v. Gen. Elec. Co.*, 417 F.2d 751 (6th Cir. 1973) (Abuse of discretion under the circumstances for Court to permit a party to amend his complaint only on the condition that a timely demand for jury trial be stricken from the amended complaint). Further, *Local 783*, only mentions Rule 39(b) in dicta, stating that issue was not whether a demand for jury trial was denied because it was within the court's discretion to do so under Rule 39(b), but whether it was an abuse of discretion for the trial judge to condition the amendment of a party's complaint on the basis that a timely jury demand be stricken from the complaint. *Id.* at 754. Thus, it does not deal with the issue presented in this case: whether Plaintiff waived her right to a jury demand by failing to comply with Rule 38(b) and Local Rule 3-6. As held by more persuasive and current authorities cited in Defendant's Brief Regarding the Sufficiency of Plaintiff's Demand for Jury Trial, Rule 39(b) does not "permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence" such as a "good faith mistake of law with respect to the deadline for demanding a jury trial." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2006), citing *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins. Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001); *see also Kulas v. Flores*, 255 F.3d 780, 784 (9th Cir. 2001); *Ward v. Sunrise Assisted Living Investments, Inc.*, 2006 U.S. Dist. LEXIS 1364, *5 (N.D. Cal. 2006).

III. **CONCLUSION**

For the foregoing reasons, and all of the reasons in the moving papers, Defendant Hilton Hotels Corporation respectfully request that this Court order the matter to be tried by the Court.

Date: June 24, 2008           JACKSON LEWIS LLP

By   s/Jamerson C. Allen
Jamerson C. Allen/Tara L. Riedley
Attorneys for Def. HILTON HOTELS CORPORATION

5                    Case No. CV 08 1103 MEJ

DEF.'S REPLY BRIEF REGARDING THE SUFFICIENCY OF PLAINTIFF'S DEMAND FOR JURY TRIAL